UNITED STATES BANKRUPTCY COURT`
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In Re

63 MILL RIVER ROAD LLC

Debtor.

---------------------------------------------------------x

Hearing Date and Time:
Sept. 10, 2026 at 10 a.m.
Objections Deadline:
Sept. 3, 2026
Chapter 11

Case No. 26-71066-jpm

**NOTICE OF MOTION**

PLEASE TAKE NOTICE, that upon the annexed application, the United States Trustee – Region 2 will move this Court before the Hon. John P. Mastando III, United States Bankruptcy Judge in the United States Bankruptcy Court, The Alfonse D'Amato U.S. Courthouse, 290 Federal Plaza, Room 960 Central Islip, New York on September 10, 2026 at 10:00 a.m., or as soon thereafter as counsel may be heard, for an order under Bankruptcy Code section 1112(b) converting the above-referenced chapter 11 case to a case under chapter 7 of the Bankruptcy Code or, in the alternative, dismissing this chapter 11 case and for such other and further relief as may seem just and proper.

Responsive papers shall be filed with the Clerk of Bankruptcy Court, 290 Federal Plaza, Central Islip, New York 11722 in conformity with the Bankruptcy Rules and the Local Rules of the Bankruptcy Court in accordance with General Order No. 559 (which can be found at www.nyeb.uscourts.gov, the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's electronic case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Wordperfect of any other Windows-based word processing format (with a hard-copy delivered to Chambers), and personally served upon the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722-4456, Attn: Christine H. Black, Esq., no later than seven days prior to the hearing date set forth above. Any responsive papers shall be in conformity with the Federal Rules of Bankruptcy Procedure and indicate the entity submitting the response, the nature of the response and the basis of the response.

The hearing scheduled herein may be adjourned from time to time by announcement made in open court without further written notice.

DATED: Central Islip, New York
August 7, 2026

WILLIAM K. HARRINGTON
UNITED STATES TRUTEE REGION 2
The Alfonse D'Amato Federal Courthouse
560 Federal Plaza
Central Islip, New York
Telephone 631 715 7800

By: s/*Christine H. Black*________
Christine H. Black
Assistant U.S. Trustee

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re

63 MILL RIVER ROAD LLC

Debtor.
------------------------------------------------------x

Hearing Date: Sept. 10, 2026 at 10 a.m.
Objection Deadline: Sept 3, 2026

Chapter 11
Case No. 26-71066-jpm

**NOTICE OF MOTION SEEKING ENTRY OF AN ORDER UNDER BANKRUPTCY CODE SECTION 1112(b), DISMISSING THE WITHIN CHAPTER 11; OR IN THE ALTERNATIVE, CONVERTING THE WITHIN CHAPTER 11 CASE TO ONE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE**

**PLEASE TAKE NOTICE**, that upon the annexed application of Christine H. Black, Esq. , the United States Trustee, will move before the Honorable John P. Mastando, III United States Bankruptcy Judge, at his Courtroom 960, at the Alfonse D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York 11772 on the 10th day of September 2026, at 10 a.m., (the "Hearing") or as soon thereafter as counsel may be heard, seeking entry of an order under Bankruptcy Code section 1112(b) dismissing the within chapter 11 case, or in the alternative, converting the within chapter 11 case to a case under chapter 7 of the Bankruptcy Code and for such other and further relief as may be just and proper.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing will be conducted in person in Courtroom 960, unless otherwise ordered by the Court.

**PLEASE TAKE FURTHER NOTICE**, Judge Mastando is currently holding most hearings by virtual platform. Until further notice, no requests need to be submitted to appear by telephone or video unless Judge Mastando has set an in person hearing and the party does not wish to appear in person. Any such requests are to be emailed to jpm_hearings@nyeb.uscourts.gov at least three (3) business days prior to the scheduled hearing

date, stating why the telephonic or video appearance is being sought. Any such request must be copied to all parties who have filed papers related to the matter to be heard.

**PLEASE TAKE FURTHER NOTICE**, that all attorneys and unrepresented parties are required to register for the hearing(s) at least two (2) business days in advance of the scheduled hearing by using the Court's eCourt Appearances platform: https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl. For more information on eCourt Appearances, including a tutorial on how to use the program, please refer to United States Bankruptcy Court Home Page for additional instructions.

**PLEASE TAKE FURTHER NOTICE**, that responsive papers shall be filed with the Clerk of the Bankruptcy Court, 290 Federal Plaza, Central Islip, New York 11722 in conformity with the Bankruptcy Rules and the Local Rules of the Bankruptcy Court in accordance with General Order No. 559 (which can be found at www.nyeb.uscourts.gov, the official website for the Bankruptcy Court) by registered users of the Bankruptcy Court's electronic case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format, and personally served upon the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722-4456, Attn: Christine H. Black., Esq., christine.h.black@usdoj.gov no later than seven days prior to the hearing date set forth above. Any responsive papers shall be in conformity with the Federal Rules of Bankruptcy Procedure and indicate the entity submitting the response, the nature of the response and the basis of the response.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing scheduled herein may be adjourned from time to time by announcement made in open court without further written notice.

Dated: Central Islip, New York
August 7, 2026

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE-REGION 2
Office of the United States Trustee
560 Federal Plaza
Central Islip, New York 11722-4456
Tel. No. (631) 715-7792

By: /s/Christine H. Black
Christine H. Black, Esq
Assistant United States Trustee

UNITED STATES BANKRUPTCY COURT`
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In Re

**63 MILL RIVER ROAD LLC**

Debtor.

-------------------------------------------------------x

Hearing Date and Time:
Sept. 10, 2026 at 10 a.m.
Objection Deadline:
Sept. 3, 2026

Chapter 11

Case No. 26-71066-jpm

**APPLICATION IN SUPPORT OF MOTION UNDER BANKRUTPCY CODE SECTION 1112(b) SEEKING ENTRY OF AN ORDER CONVERTING THE WITHIN CASE TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE; OR IN THE ALTERNATIVE, DISMISSING THE WITHIN CASE**

TO: **THE HONORABLE JOHN P. MASTANDO, III;**
**UNITED STATES BANKRUPTCY JUDGE**:

**WILLIAM K. HARRINGTON**, the United States Trustee for Region 2 (the "United States Trustee"), by his counsel, Christine H. Black, Esq., in furtherance of his responsibilities under 28 U.S.C. §586 (a)(3) and (5) in support of his application seeking entry of an order under 11 U.S.C. §1112(b) converting the within chapter 11 case to a case under chapter 7 of the Bankruptcy Code, or alternatively, dismissing this case, represents and alleges as follows:

## PRELIMINARY STATEMENT

The Debtor has no independent source of income, and the secured lender has a final order of foreclosure and sale in an amount substantially greater than the scheduled value of the collateral. While the Debtor has made certain adequate protection payments, the source of those payments is undisclosed. The Court ordered the Debtor to file a Plan of Reorganization and Disclosure Statement no later than August 3, 2026 (the "Court Order"). Although the

Debtor filed the documents, the Plan (hereinafter defined) is unconfirmable as a matter of law and the Disclosure Statement (hereinafter defined) lacks adequate information. Since the inception of the case, the Debtor has failed to comply with its administrative requirements under the Bankruptcy Code section 707(a)(8) and the EDNY Local Bankruptcy Rule 2015.1 timely to file monthly operating reports. The United States Trustee submits that the Debtor's lack of cash, its failure to comply with its administrative requirements, and its inability to file a confirmable plan in accordance with the Court's Order, constitutes cause under Bankruptcy Code section 1112(b) to convert the Debtor's case to one under chapter 7 or dismiss the case.

## **FACTS**

1. On March 18, 2026, (the "Petition Date") the Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") [ECF Docket No. 1]. This was the Debtor's second chapter 11 case, its previous case under docket number 25-73371-ast was dismissed on December 16, 2025.

2. The Debtor is represented by Dahiya Law Offices LLC, Karamvir Dahiya Esq., ("Debtor's Counsel").

3. The filing was deficient and on March 18, 2026, the Clerk issued a deficiency notice requiring the filing of some of the missing documents no later than March 18, 2026, with all of the documents to be filed no later than April 1, 2026. On April 1, 2026, the Debtor caused the filing of its schedules and its Statement of Financial Affairs [ECF Docket No. 14].

4. According to the Debtor's schedules, the Debtor is the 100 percent owner of the real property at 63 Mill River Road, Upper Brookville, New York (the "Real

Property")[ECF Docket No. 14]. The Debtor's schedules value the Real Property at $2 million and state that it is encumbered by a lien in favor of Stormfield Capital Funding I LLC ("Stormfield") in the scheduled amount of $2.5 million. The Debtor scheduled one bank account, with a zero balance, and no other cash, or cash equivalents. The Debtor's only other scheduled assets are two causes of action, the first against Shoppers World ". . . regarding construction negligence" and the second cause of action against Stormfield ("Causes of Action"), both of which are scheduled in unknown amounts [see ECF Docket No. 14].

5. The Debtor scheduled the following secured creditors: Shoppers World Construction; the Town of Oyster Bay; and the Village of Upper Brookville. Each secured creditor was scheduled as disputed, and in an unknown amount. Nassau Country Treasurer was scheduled as a disputed priority creditor, also in an unknown amount [see ECF Docket No. 14].

6. According to the Debtor's Statement of Affairs, the Debtor had no income in 2026. [see ECF Docket No. 14]

7. No trustee or examiner has been appointed, and the Debtor has continued to operate its business under Bankruptcy Code sections 1107 and 1108 as a debtor in possession.

8. The United States Trustee scheduled the 341 First Meeting of Creditors (the "341 Meeting") for April 17, 2026 [ECF Docket No. 2]. The 341 Meeting was held, and was closed.

9. The Court scheduled the Initial Case Management Conference (the "Status Conference") for April 22, 2025 [ECF Docket No. 4]. The Status Conference was adjourned on various occasions and is now scheduled for September 10, 2026.

10. On April 2, 2026, the secured creditor Stormfield, filed a motion seeking relief from the provisions of the automatic stay, and *in rem,* relief with respect to the Real Property (the "Stormfield Motion") [ECF Docket No. 16].

11. The Debtor opposed the Stormfield Motion, to which Stormfield filed a reply [ECF Docket Nos. 22 and 24]. At the April 22, 2026 hearing on the Stormfield Motion, the Court directed that the Debtor remit adequate protection payments in the amount of $12,500 commencing on May 1, 2026 and continuing on June 1, 2026 and adjourned the Stormfield Motion to June 11, 2026. The Court's April 2, 2026 ruling was incorporated into an order ("Order Directing Adequate Protection") [ECF Docket No. 25].

12. The June 11, 2026 hearing on the Stormfield Motion was thereafter adjourned until July 8, 2026, and on July 7, 2026, Debtor's Counsel filed a Supplemental Affirmation in Further Opposition to the Stormfield Motion and in Support of the Continuation of the Stay [ECF Docket No. 30]. The Stormfield Motion was adjourned until September 10, 2026.

13. On July 29, 2026, the Court entered an order extending the provisions of the automatic stay to September 10, 2026, directing the continuation of the monthly adequate protection payments and ordering the Debtor to file a Plan of Reorganization and Disclosure Statement no later than August 3, 2026 [ECF Docket No. 29].

14. According to the docket, as of August 4, 2026, the Debtor has not timely any of its monthly operating reports ("MORs").

15. A review of the Claims Register as of August 4, 2026, shows only one claim filed, that of Stormfield, in the total amount of $3,112,799.36, based upon a May 29, 2025 judgment of foreclosure and sale, which upon information and belief is not subject to an appeal,

in the amount of $2,578,897.79, default rate interest from September 20, 2024 through May 29, 2025 in the amount of $319,487.86 for a total judgment amount of $2,903,730.65, and post-judgment interest from May 30, 2025 through March 18, 2026 in the amount of $209,068.61 ("Stormfield Claim") [See Proof of Claim No. 1]. The Stormfield Claim was filed as a bifurcated claim based upon the value of the Real Property, such that $1,999,000 was filed as secured and $1,113,799.25 as unsecured. No other creditors filed a claim.

16. On August 3, 2026, the Debtor filed the "Debtor's Chapter 11 Plan of Reorganization" (the "Plan") [ECF Docket No. 33], and the "Disclosure Statement for Debtor's Chapter 11 Plan of Reorganization" (the "Disclosure Statement") [ECF Docket No. 33-1].

17. The Plan classifies creditors into four classes of claims, and equity into one class. The Plan proposes to pay creditors by procuring exit financing in the amount of $2.2 million from an undisclosed source, a family contribution of $600,000 and commencing certain litigation. However, there are several notable problems with the Plan and the Disclosure Statement: there is no disclosure of the identity of the proposed exit funder; and based upon the Debtor's lack of cash, no obvious ability to repay the exit financing. There is no detailed information on the source of the $600,000 other than the vague description as a "family contribution." There is no disclosure evidencing the family's ability to make the required contribution. In addition, the Plan only proposes to pay the "undisputed," portions of certain claims pending the outcome of yet to be commenced litigation, including with respect to the Stormfield Claim, despite the claim having been fixed by a pre-petition judgment. Based upon the Stormfield Claim, and the Plan's classification scheme, it appears that Stormfield controls both Classes 2 and 4. Since Shopper's World was scheduled as "disputed," and did not file a proof of claim, it appears that Shopper's World may not have a claim in the case. Finally, the

Plan artificially impairs Class 1 to create an accepting class. In short, while there was technical compliance with the Court Order, substantively the Debtor has not filed a confirmable plan, and its Disclosure Statement lacks adequate information.

**Cause Exits under Bankruptcy Code section 1112(b) Warranting the Conversion or the Dismissal of the Debtor's Case**

18. The Bankruptcy Code at section 1112(b) provides that on the request of a party in interest, and after notice and a hearing, the "court shall convert a case to a case under chapter 7 or dismiss under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . ." 11 U.S.C. §1112(b). Section 1112(b)(4) of the Bankruptcy Code describes a variety of enumerated factors that may constitute "cause" for conversion or dismissal, including, substantial or continued diminution of the estate and absence of a reasonable likelihood of rehabilitation, gross mismanagement of the estate, unexcused failure to satisfy timely any filing or reporting requirements, failure to timely provide information requested by the United States Trustee, failure to timely pay post-petition taxes, or failure to pay fees required under title 28. 11 U.S.C. §1112(b)(4). This list is not exhaustive. *In re State Street Assoc.,* 348 B.R. 627 (Bankr. N.D.N.Y. 2006) citing *In re 3 Ram, Inc.,* 343 B.R. 113 (Bankr. E.D. Pa. 2006)). *See also In re The 1031 Tax Group, LLC.,* 374 B.R. 78 (Bankr. S.D.N.Y. 2007) (a case may be dismissed for reason other than those specified in section 1112(b), as long as the reason establish "cause"). Although decided before the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2004 ("BAPCPA"), Second Circuit authority providing that the list of pre-BAPCPA section 1112(b) was illustrative rather than all-inclusive is still applicable. *In re C-TC 9th Avenue Partnership,* 113 F.3d 1304 (2d Cir. 1997) (bankruptcy court may dismiss a chapter 11 filing upon a find that the case was filed in "bad faith" even without consideration of the factors set out in section 1112(b)).

19. With limited exceptions, Bankruptcy Code section 1112(b) mandates that the court dismiss or convert a chapter 11 case where any of the acts or omissions identified in section 1112(b)(4) exists. The mandatory language of section 1112(b) is a substantial departure from the former law, which left dismissal or conversion entirely in the court's discretion. "Congress has purposefully limited the role of this Court in deciding issues of conversion or dismissal, such that this Court has no choice, and no discretion, in that it 'shall' dismiss or convert a case under Chapter 11 if the elements for 'cause' are shown under 11 U.S.C. § 1112(b)(4)." *In re TCR of Denver, LLC,* 338 B.R. 494, 498 (Bankr. D. Colo. 2006). There are only two exceptions to the mandatory conversion or dismissal. The first is found in section 1112(b)(1), and it restores the court's discretion over dismissal or conversion in cases involving "unusual circumstances specifically identified by the court." The second exception is found in section 1112(b)(2), and it operates to enable the debtor to avoid dismissal or conversion where "reasonable justification" exists for the deficiencies in the case, those deficiencies "will be cured within a reasonable period of time," and there is a reasonable likelihood that the debtor will confirm a plan. However, the section exception is inapplicable if cause exists under section 1112(b)(4)(a) (substantial or continuing loss to the estate).

20. Of the enumerated factors set forth at Bankruptcy Code section 1112(b), the following apply to the facts of this case:

> substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation (*see* 11 U.S.C. §1112(b)(4)(A));
>
> unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter (*see* 11 U.S.C. §1112(b)(4)(F)); and
>
> failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or order of the court (*see* 11 U.S.C. §1112(b)(4)(J)).

21. “ . . . [C]ourts have also determined that conversion or dismissal of a Chapter 11 case is warranted for other reasons, including the debtor’s inability to effectuate a plan and a debtor’s unwarranted delay of the case through unnecessary motion practice. *In re Babyoff,* 445 B.R.64, 76 (Bankr. E.D.N.Y. 2011) citing *In re DCNC North Carolina I, LLC*, 407 B.R. 651, 665 (Bankr.E.D.Pa.2009) (concluding that “the inability to effectuate a plan, by itself, provides cause for dismissal or conversion of a chapter 11 case).

**ARGUMENT**

**There is a substantial and continuing loss to or diminution in the estate and the absence of reasonable likelihood of rehabilitation.**

22. A continuing loss to the estate and an absence of a likelihood of rehabilitation constitutes cause for the dismissal or conversion of a chapter 11 case. 11 U.S.C. §1112(b)(4)(A). Recognizing that the fundamental purpose of chapter 11 is to reorganize operations, courts have found cause to convert cases to chapter 7 under former section 1112(b)(1) where debtors have ceased operating or seek to self-liquidate their assets. (see *In re Loop Corp.,* 290 B.R. 108 (D. Minn 2003), aff’d 379 F.3d 511 (8th Cir., 2004) (affirming Bankruptcy Court’s order converting liquidating chapter 11 case to chapter 7); *In re East Coast Airways, Ltd*., 146 B.R. 325, 326 (Bankr. E.D.N.Y. 1992) (“[a]bsent a reasonable amount of assets and a feasibly operating business, there is no reason for continuing a corporate debtor in chapter 11”).

23. “To determine whether there is a continuing loss or a diminution of the estate, a court must make a full evaluation of the present condition of the estate, not merely look at a debtor’s financial statements.” *In re AdBrite Corp*., 290 B.R. 209, 215 (Bankr. S.D.N.Y.

2003). There need not be significant diminution to satisfy the first prong of section 11 U.S.C. §1112(b)(4)(A) See *East Cost Airways*, surpa., 146 B.R. at 336; *In re Kanterman*, 88 B.R. 26, 29 (S.D.N.Y. 1988).

24. In the instant case, the Debtor had no earnings in 2026, has no source of income, and other than a bank account with a zero balance, there does not appear that the Debtor has any cash or cash equivalents to cover its monthly expenses going forward. While it appears under the Order Directing Adequate Protection, that Stormfield is receiving adequate protection payments, since the Debtor has no source of income, and has not filed any of its required MORs, the source of those payments is unclear. It is equally unclear as to whether the Debtor is accruing other post-petition obligations.

25. Consequently, there is no documentary support evidencing that the Debtor can pay its expenses. Absent the ability to pay the monthly expenses, the Debtor's expenses will continue to accrue, and the value of the Debtor's assets will continue to diminish. As such, the longer the Debtor remains in chapter 11 the greater the administrative insolvency. Hence, the Debtor is suffering continuing losses and there is a continuing diminution of the estate, thereby satisfying the first prong of Bankruptcy Code section 1112(b)(4)(A). (see *In Re Gateway Solutions, Inc*., 374 B.R. 556 (Bank. M.D. Pa. 2007)).

26. The Plan fails to disclose any source of sufficient funds to make the payments proposed under the Plan. For instance, the exit funder is merely characterized as "TBA." (see Disclosure Statement at Section XI "Feasibility") [ECF Docket No. 33-1]. Moreover, since the Debtor has no cash, and there is no basis from which to conclude that the Debtor can satisfy the proposed exit financing, it is doubtful that the Plan will satisfy the feasibility requirements at 1129(a)(11). Consequently, it does not appear that there is a viable

reorganization that is in process, or that a plan will be confirmed in a reasonable period of time. Hence, the second prong of section 1112(b)(4) has been established.

27. Once cause is established under section under 11 U.S.C. §1112(b)(4)(A), section 1112(b)(2) does not apply, and the Court must dismiss, or in the alternative, convert this case to one under chapter 7 of the Bankruptcy Code.

**The Debtor has failed to Comply with Its Reporting Requirements by Failing to Timely File its Monthly Operating Reports**

28. The Bankruptcy Code at sections 1106 and 1107 prescribe the duties and powers of a debtor in possession, including the requirement that a debtor perform the duties of a trustee under section 707(a). Accordingly, a debtor operating a business must file with the Court periodic reports and summaries of operations. (See 11 U.S.C. § 707(a)(8)). Under Bankruptcy Rule 2015(a)(3)(A) a debtor in a chapter 11 case is required to "file the reports and summaries required by § 707(a)(8)." According to Rule 2015.1 of the EDNY Local Rules of Bankruptcy Procedure, chapter 11 debtors shall "shall file and serve upon the United States trustee . . . , a verified monthly operating report no later than the 20th day of each month." The Reports " . . . shall be completed in the manner prescribed by the Operating Guidelines and Reporting Requirements of the United States Trustee . . . ." (See EDNY Local Rule 2015.1)

29. "[F]ailure to file required reports may constitute cause for dismissal or conversion of the case." (*See* EDNY Local Bankruptcy Rules 2015.1, see also *In re Babayoff,* 445 B.R. 64, 80-81 (Bankr. E.D.N.Y. 2011), holding that the failure to timely file monthly operating reports constitutes cause under Bankruptcy Code section 1112(b)(4)(F) warranting the conversion or dismissal of the case)).

30. The timely filing of the MORs, "provide(s) necessary information to the Court, creditors, and other parties in interest about the progress and prospects of a debtor's

reorganization efforts." *Babayoff, supra.,* 445 B.R. at 80. The requirement to timely file the reports, " . . . assures that current information is regularly and easily available to anyone with an interest in monitoring the progress of a case toward confirmation. Late filings complicate this task, and missing filings may render it impossible." *Id.*

31. In the instant case, the Debtor has not complied with the Local Rule requiring the filing of monthly operating reports by the 20th day of the following month. Specifically, since the Petition Date, and according to the Court docket as of August 4, 2026, the Debtor has not filed any of the required MORs.

32. As set forth by the Court in *Babayoff*, the Debtor's failure to timely file its MORs renders it impossible to monitor the Debtor's post-petition activities. Moreover, the Debtor's failure to timely comply with its reporting obligations constitutes cause under Bankruptcy Code section 1112(b)(4)(F), warranting the dismissal or the conversion of the Debtor's case to one under chapter 7 of the Bankruptcy Code. (see *Babayoff, supra.,* 445 B.R. at 80-81 finding that the failure to timely file MORs constitutes cause under 1112(b)(4) (F)).

**While the Debtor Filed both a Plan and Disclosure Statement, the Plan is legally unconfirmable and there is cause to dismiss the Debtor's case or convert this case to one under chapter 7 under Bankruptcy Code §1112(b)(4)(J)**

33. The Bankruptcy Code at section 1112(b) states that a debtor's failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or order of the court constitutes cause warranting the dismissal or conversion of the chapter 11 case to one under chapter 7 (see 11 U.S.C. §1112(b)(4)(J)).

34. Case law interpreting Bankruptcy Code section 1112(b)(4)(J) holds that conversion or dismissal is warranted when the debtor files a plan incapable of being confirmed or a disclosure statement that fails to provide creditors with sufficient information to allow them

to cast an informed vote (See *Babayoff, surpra*. 445 B.R. at 76) holding that merely labeling a document as a "plan" or a "disclosure statement" does not ensure that either contains the information required under §1125 or that the information contained therein is adequate). *Id.* at 78. "As one court observed, a 'nebulous plan' is neither adequate nor feasible and is cause to convert a case to one under Chapter 7." *Id.* at 80-81, citing In *re Koerner*, 800 F.2d 1358, 1368 (5th Cir.1986).

35. Additionally, a "debtor's failure to make meaningful and substantive progress toward the confirmation of a plan within the time periods fixed by the Bankruptcy Code and any court orders … may lead to undue delay, and such delay is nearly always prejudicial to creditors" and such failure ". . . requires relief under Section 112(b)(4)(J)" *Babayoff*, 445 B.R., at 79 citing *In re Van Eck*, 425 B.R. 54, 65 (Bankr.D.Conn.2010)

36. As set forth herein, the Plan is replete with vague references to financing and litigation but provides little in the way of actual information on how the Debtor will reorganize. The Disclosure Statement fails to identify the exit funder or terms of the proposed financing. Critically, even if the Debtor obtained exit financing, there is no information as to whether the Debtor has any ability to re-pay the exit financing, especially in light of the Debtor's lack of pre-petition earnings and its post-petition operations, which are undisclosed, but apparently, indicate that the Debtor is operating without any cash. This lack of information demonstrates that the Plan is a mere placeholder and not a step towards a realistic reorganization.

37. The Plan also suffers from some additional problems. The Plan provides for four classes of claims, all of which are characterized as "impaired," and one class of interests, which is characterized as "unimpaired." Stormfield's secured claim is classified as Class 2 and its unsecured claim is classified as Class 4. Shoppers World is classified as Class 3, and the

priority claim of Nassau County is classified as Class 1. The equity interests are classified as Class 5, and "unimpaired."

38. Stormfield controls both Classes 2 and Class 4, Shoppers World, scheduled as a "disputed" claim, has not filed a proof of claim. It is submitted that none of those classes will vote for the Plan. Consequently, to obtain one class of claims voting in favor of the Plan, as is required for confirmation (see 11 U.S.C. §1129(a)(10)), the Plan proposes the following treatment for Class 1 on the Effective Date:

> . . . the holder of the Allowed Nassau Tax Claim shall receive cash in the full allowed amount, together with interest at the statutory rate through the Effective Date. Its lien shall be released upon payment. Class 1 is impaired solely because payment is deferred to the Effective Date, and is entitled to vote.

(see Plan at paragraph 4.1) [ECF Docket No. 33].

39. Case law holds that artificial impairment occurs when a proposed chapter 11 plan imposes an insignificant or de minimis impairment on a class of claims to qualify those claims as impaired, *In re Quigley Co., Inc*., 437 B.R. 102, 125-26 (Bankr. S.D.N.Y. 2010). Artificial impairment may constitute a violation of 1129(a)(10) or show a lack of good faith under 1129(a)(3). *Id.* The United States Trustee submits that the Debtor's proposed treatment of the priority tax claim artificially impairs Class 1. So, in addition to the Plan's lack of feasibility, the Plan may also run afoul of sections 1129(a)(10) and 1129 (a) (3), thereby rendering the Plan legally unconfirmable.

40. Case law also establishes that a disclosure statement must contain adequate information to allow a hypothetical investor to make an informed judgment whether to vote for or against a plan *In re 18 RVC LLC,* 485 B.R. 492 at 494 (Bankr. E.D.N.Y.), and approval of a disclosure statement should be denied when the proposed plan is legally

unconfirmable. *Id* at 495 citing *In re GSC, Inc*., 453 B.R. 132, 157 n. 27 (Bankr.S.D.N.Y.2011), citing *In re Quigley Co*., 377 B.R. 110, 115 (Bankr.S.D.N.Y.2007) ("An unconfirmable plan is grounds for rejection of the disclosure statement; a disclosure statement that describes a plan patently unconfirmable on its face should not be approved.").

41. As set forth herein, the Disclosure Statement is problematic on two fronts. It lacks in the required information, thereby failing to contain adequate information as required by the case law cited herein, and it is related to a legally unconfirmable plan, and under case law cited herein, should not be approved for the solicitation of votes.

42. Because neither the Plan nor the Disclosure Statement satisfies its statutory function, the Debtor has failed to comply with the Court Order. Consequently, cause exists under 11 U.S.C. § 1112(b)(4)(J) to convert this case to one under chapter 7 or dismiss this case (see *In re Viera*, 2024 WL 4448701 *6 (Bankr. D. Puerto Rico) (Oct. 8, 2024) dismissing debtor's case under 1112(b)(4)(J) for failing to file a plan by the court-ordered date).

**The Debtor Will Be Unable to Satisfy Its Burden of Proof Concerning Unusual Circumstances**

43. Under 11 U.S.C. §1112(b), the court may not convert or dismiss if the court identifies unusual circumstances establishing that conversion or dismissal is not in the best interests of creditors and the debtor establishes that (i) there is a reasonable likelihood that a plan will be confirmed within certain timeframes, and (ii) the grounds for converting or dismissing include an act or omission (other than continuing losses under paragraph (4) (A)), for which there is a reasonable justification and the act or omission will be cured within a reasonable period of time. Upon a finding of cause and determination that the limited exceptions do not apply " . .

.dismissal or conversion is mandatory – the Court must dismiss or convert the chapter 11 case." *In re Adamo,* 2016 WL 859349 *10 (Bankr. E.D.N.Y. Mar. 4 2016).

44. Section 1112(b)(2) places the burden of proof of unusual circumstances on the debtor and requires the debtor establish that there is a reasonable likelihood that a plan will be confirmed within a reasonable period of time.

45. In the instant case, because cause is established under 1112(b)(4)(A), section 1112(b) is inapplicable. Nevertheless, the United States Trustee submits that the Debtor will be unable to satisfy its burden that the failure to file any of its MORs, or comply with the Court Order, by filing a Plan that is legally confirmable, and its accompanying Disclosure Statement, which fails to provide adequate information, complies with the substance of the Court Order.

46. There is no reasonable justification for Debtor's failure to timely file MORs, and the Debtor's Plan is legally unconfirmable and its Disclosure Statement is inadequate, thereby demonstrating that the Debtor cannot confirm a plan within a reasonable period of time.. Simply put, there are not any unusual circumstances that would establish that conversion or dismissal was not in the best interests of creditors, and the Plan and Disclosure Statement simply reinforces that conclusion.

47. Consequently, the Debtor cannot establish that the conversion or the dismissal of the within chapter 11 case is not in the best interests of creditors, and therefore the Debtor cannot satisfy its burden under 1112(b)(2).

## **CONCLUSION**

48. During the chapter 11 process, the Debtor has failed to demonstrate that it can rehabilitate its business. The Debtor has no cash and does not appear to have a source of cash

other than some vague references to exit financing and a family contribution. The Debtor has failed to comply with the Bankruptcy Code and Rules and the Local Rules by failing to timely file its MORs. The Debtor has filed both a Plan and a Disclosure Statement, but the Plan is not feasible and relies upon an impermissible classification scheme to create an accepting class. The Disclosure Statement lacks adequate information. So, while the Debtor has complied with the letter of the Court Order, it has failed to comply with the substance. In short, there is no reorganization or rehabilitation that is in process, and it is submitted that the dismissal or conversion of the within chapter 11 case is in the best interests of the creditors. The United States Trustee respectfully requests that its motion be granted in its entirety.

**WHEREFORE,** the United States Trustee respectfully requests that its motion be granted in its entirety and that the Court grant such other and further relief as may be just and proper.

DATED: Central Islip, New York
August 7, 2026

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE REGION 2
Alfonse D'Amato U.S. Courthouse
560 Federal Plaza
Central Islip, New York 11722
Telephone (631) 715-7800

By: s/*Christine H. Black*
Christine H. Black, Esq.
Assistant United States Trustee

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT`<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------x<br>In Re<br><br>63 MILL RIVER ROAD LLC<br><br>Debtor.<br><br>----------------------------------------------------------x | Hearing Date and Time:<br>Sept. 10, 2026 at 10 a.m.<br>Objections Deadline:<br>Sept. 3, 2026<br><br>Chapter 11<br>Case No. 26-71066-jpm |

**CERTIFICATE OF SERVICE**

I, Joann Lomangino, am employed by the Office of the United States Trustee for the Eastern District of New York, and hereby certify that on August 7, 2026, I served a true copy of the United States Trustee's Notice Of Motion Seeking Entry Of An Order Entry Of An Order Under Bankruptcy Code Section 1112(B), Dismissing The Within Chapter 11; Or In The Alternative, Converting The Within Chapter 11 Case To One Under Chapter 7 Of The Bankruptcy Code, to be served by regular first class mail to the persons and entities whose names and addresses appear on the annexed service list.

Dated: Central Islip, New York
August 7, 2026

***/s/ Joann Lomangino***
Joann Lomangino

**SERVICE LIST**

63 MILL RIVER ROAD LLC
63 MILL RIVER ROAD
UPPER BROOKVILLE, NY 11710

Karamvir Dahiya
Dahiya Law Offices LLC
111 John Street
Ste 1860
New York, NY 10038

Stormfield Capital Funding I, LLC
c/o Aaron P. Davis, Esq.
Polsinelli PC
600 Third Avenue, 42nd Floor
New York, New York 10016