# Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

STORMFIELD CAPITAL FUNDING I, LLC,

Plaintiff,

-against-

63 MILL RIVER ROAD, LLC a/k/a 63 MILL RIVER ROAD LLC; 131-04 220th STREET CORP; WILLIAM JEAN GIBBS; STEVEN GIBBS; SHOPPERS WORLD CONSTRUCTION CORP.; NASSAU COUNTY TREASURER; NEW YORK CITY DEPARTMENT OF FINANCE; TOWN OF OYSTER BAY; VILLAGE OF UPPER BROOKVILLE; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; QUEENS COUNTY CLERK; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY TRANSIT ADJUDICATION BUREAU, JOHN DOE NO. I THROUGH JOHN DOE NO. XXX, inclusive, the last thirty names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises described in the complaint,

Defendants.

Index No. 621084/2023

**NOTICE OF ENTRY**

PLEASE TAKE NOTICE that annexed hereto is a conformed copy of the *Order for Reformation, Confirming Referee's Report of Amount Due and for Judgment of Foreclosure and Sale* signed by the Honorable Erica L. Prager, J.S.C., on May 29, 2025, which was duly filed in the office of the Nassau County Clerk on June 16, 2025, and entered in the above-entitled action on June 18, 2025 as NYSCEF Doc. No. 76.

Dated: New York, New York
June 30, 2025

POLSINELLI PC

By: */s/ Aaron P. Davis*

AARON P. DAVIS
600 Third Avenue, 42nd Floor
New York, New York 10016
(212) 803-9918
adavis@polsinelli.com

ATTORNEYS FOR PLAINTIFF

TO: 63 Mill River Road, LLC
a/k/a 63 Mill River Road LLC
434 S. Marginal Road
Jericho, New York 11753
*Defendant*

William Jean Gibbs
131-04 220th Street
Laurelton, New York 11413
*Defendant*

Shoppers World Construction Corp.
68 West Main Street, Suite 3
Oyster Bay, New York 11771
*Defendant*

Village of Upper Brookville
24 Wolver Hollow Road
Glen Head, New York 11545
*Defendant*

New York City Department of Finance
66 John Street, 3rd Floor
New York, New York 10038-3735
*Defendant*

New York State Dept. of Taxation & Finance
Building 9, Room 445
Albany, New York 12227
*Defendant*

131-04 220th Street Corp.
434 S. Marginal Road
Jericho, New York 11753
*Defendant*

Steven Gibbs
131-04 220th Street
Laurelton, New York 11413
*Defendant*

Town of Oyster Bay
166 East 63rd Street
New York, New York 10065
*Defendant*

Nassau County Treasurer
1 West Street
Mineola, New York 11501
*Defendant*

New York City Environmental Control Board
66 John Street, 6th Floor
New York, New York 10038
*Defendant*

New York City Transit Adjudication Bureau
130 Livingston Street
New York, New York 11201
*Defendant*

Melvyn K. Roth, Esq.
666 Old Country Road, Suite 501
Garden City, New York 11530
*Referee*

61 2025 00116590

Nassau County
Maureen OConnell
County Clerk
Mineola, NY 11501

**Ref ID#: EC 23 621084**

**Instrument Number: 2025- 00116590**
As
**J65 - ELECT JUDGMENT FORECLO & SALE**

Recorded On: June 16, 2025
Parties:
STORMFIELD CAPITAL FUNDING I LLC
TO
63 MILL RIVER ROAD LLC 63 MILL RIVER ROAD LLC

Num Of Pages: 20

Recorded By: COURT

Comment:

**** Examined and Charged as Follows: ****

| | |
|---|---|
| J65 - ELECT JUDGMENT FORECL | 0.00 |
| **Recording Charge:** | **0.00** |

**** THIS PAGE IS PART OF THE INSTRUMENT ****

I hereby certify that the within and foregoing was recorded in the Clerk's Office For: Nassau County, NY

**File Information:**

| | |
|---|---|
| Document Number: | 2025- 00116590 |
| Receipt Number: | 3540857 |
| Recorded Date/Time: | June 16, 2025 11:03:50A |
| Book-Vol/Pg: | Bk-K VI-1200 Pg-24 |
| Cashier / Station: | 0 KMS / NCCL-DW967X2 |

**Record and Return To:**

NASSAU COUNTY STATE OF NEW YORK

Maureen O'Connell

**County Clerk Maureen O'Connell**

At IAS Part 15 of the Supreme Court of the State of New York held in and for the County of Nassau, located at 100 Supreme Court Drive, Mineola, New York 11501, on the 29th day of May, 2025.

PRESENT: HONORABLE ERICA L. PRAGER
Justice

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

| | |
|---|---|
| STORMFIELD CAPITAL FUNDING I, LLC,<br><br>Plaintiff,<br><br>-against-<br><br>63 MILL RIVER ROAD, LLC a/k/a 63 MILL RIVER ROAD LLC; 131-04 220th STREET CORP.; WILLIAM JEAN GIBBS; STEVEN GIBBS; SHOPPERS WORLD CONSTRUCTION CORP.; NASSAU COUNTY TREASURER; NEW YORK CITY DEPARTMENT OF FINANCE; TOWN OF OYSTER BAY; VILLAGE OF UPPER BROOKVILLE; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; QUEENS COUNTY CLERK; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; and NEW YORK CITY TRANSIT ADJUDICATION BUREAU,<br><br>Defendants. | Index No. 621084/2023<br><br>**ORDER FOR REFORMATION, CONFIRMING REFEREE'S REPORT OF AMOUNT DUE AND FOR JUDGMENT OF FORECLOSURE AND SALE** |

Upon the Summons, Verified Complaint and Notice of Pendency duly filed in this action on the December 29, 2023, the exhibits thereto, and all pleadings thereon, and upon a Decision and Order on the Motion for Default Judgment, entering default judgment against Defendants 63 Mill River Road, LLC a/k/a 63 Mill River Road LLC ("**Borrower 63 Mill River LLC**"), 131-04 220th Street Corp. ("**Borrower Corporation**"), William Jean Gibbs ("**Guarantor William**"), Steven Gibbs ("**Guarantor Steven**"), Shoppers World Construction Corp. ("**Junior Lienholder**"), Town of Oyster Bay ("**Oyster Bay**"), Village of Upper Brookville ("**Upper**

**Brookville**"), Nassau County Treasurer ("**Nassau County**"), New York City Department of Finance ("**DOF**"), New York City Environmental Control Board ("**ECB**"), New York State Department of Taxation and Finance ("**T & F**"), and the New York City Transit Adjudication Bureau ("**Transit Bureau**") (collectively, "**Defendants**")[1] dated September 9, 2024 (the "**Order**") and all proceedings thereon, and on reading and filing the Attorney's Statement of Aaron P. Davis, Esq., dated December 30, 2024; and

UPON proof from which it appears that the Defendants herein have been duly served with the Summons and Verified Complaint in this action, and stating that more than the legally required number of days had elapsed since said Defendants were so served and/or appeared; and that pursuant to the Order, Plaintiff's Motion for Default Judgment on the claims asserted in said Verified Complaint were granted, and that the Verified Complaint herein and Notice of Pendency containing all the particulars required to be stated therein was duly filed with the clerk's offices of Nassau County and Queens County on December 29, 2023, and has not been amended to add new parties—or to embrace real property not described in the original Verified Complaint, and a Referee having been duly appointed to compute the amount due to the Plaintiff upon the Consolidated and Restated Promissory Note dated November 15, 2022, in the original principal amount of $1,658,750.00 (the "**Consolidated Note**"), Building Loan Promissory Note dated November 15, 2022 in the principal amount of $600,000.00 (the "**Building Note**," collectively with the Consolidated Note, the "**Notes**"), a certain Consolidated and Restated Mortgage, Assignment of Rents, Security Agreement and Fixture Filing dated as of November 15, 2022 (the "**Consolidated Mortgage**"), and that certain Building Loan Mortgage, Assignment of Rents,

---

[1] Plaintiff did not move for default judgment against Defendant Queens County Clerk ("**Clerk**") as the Plaintiff previously agreed to dismiss Clerk from the action. Clerk filed the appropriate dismissal with the Court on July 3, 2024 (NYSCEF Doc. No. 33).

100570944

Security Agreement and Fixture Filing dated November 15, 2022 (as amended from time to time, the "**Building Mortgage**," collectively with the Consolidated Mortgage, the "**Mortgage**") as set forth in the Verified Complaint and to examine and report whether the mortgage premises can be sold in one parcel,

AND the affidavit of mailing reflecting compliance with CPLR 3215(g)(3)(iii); and UPON proof that the non-appearing defendants Borrower 63 Mill River LLC, Borrower Corporation, Guarantor William, Guarantor Steven, Junior Lienholder, Oyster Bay, Upper Brookville, Nassau County, DOF, ECB, T&F, and Transit Bureau are not absent, in accordance with RPAPL §1321(2); and

AND, upon reading the report of Melvyn Roth, Esq., the referee named in said Order, by which Report dated October 7, 2024 and reviewed by this Court, it appears that as of September 20, 2024, the sum of $2,578,897.79, plus interest from September ~~21,~~ 20th 2024, to the date of this order accruing at a per diem rate of $1,272.86, was due as provided in the Verified Complaint, exclusive of attorneys' fees and costs, and that the mortgage premises should be sold in two parcels,

NOW, upon proof of due notice of this application upon all parties who had not waived the same, and upon proof of service of the Order as provided therein,

ON MOTION of Polsinelli PC, attorneys of record for the Plaintiff, it is

ORDERED, ADJUDGED AND DECREED that the motion is granted; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee's Report be, and the same is, hereby in all respects ratified and confirmed; and it is further

100570944

ORDERED, that pursuant to the request made in the Verified Complaint and the motion, the Gap Mortgage and CEMA (as described in the Verified Complaint) are reformed to include the correct legal description for the commercial real property located at 131-04 220th Street, Laurelton, Queens, New York 11413 (Block: 12926: Lot 228) ("**Queens Property**") as it appears annexed hereto as **Schedule B**, and that the Queens County Clerk/City Register of the City of New York-Department of Finance record a copy of the Gap Mortgage and CEMA in the appropriate place in the land and City records; and it is further

ORDERED, ADJUDGED AND DECREED that the said Report of Melvyn Roth, Esq., dated October 7, 2024, be and the same hereby in all respects, ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the Property described in the Verified Complaint and as hereafter defined and described, or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale and the costs of this action as provided by the Real Property Actions and Proceedings Law be sold, in two parcels; and it is further

ORDERED, that pursuant to CPLR 5103 and RPAPL 231, that the certain commercial real property located at 63 Mill River Road, Upper Brookville, New York 11771, Nassau County (Section: 24 Block: B Lot 893) ("**Nassau Property**") be sold at public auction at Nassau County Supreme Court, located at 100 Supreme Court Drive, Mineola, NY 11501, by and under the direction of Melvyn Roth, Esq., who is hereby appointed Referee for that purpose; provided that said Referee shall conduct the sale of the Nassau Property; that the said Referee shall set the date of sale and give public notice of the time and place of sale in accordance with RPAPL 231 and applicable law, as well as the practice of this Court, in the Oyster Bay Herald (publication); and it is further

100570944

ORDERED, that pursuant to CPLR 5103 and RPAPL 231, should there remain an outstanding amount owed to Plaintiff following the sale of the Nassau Property, that the Queens Property (collectively with the Nassau Property, referred to herein as the "**Property**") be sold at public auction at Nassau County Supreme Court, located at 100 Supreme Court Drive, Mineola, NY 11501, by and under the direction of Melvyn Roth, Esq., who is hereby appointed Referee for that purpose; provided that said Referee shall conduct the sale of the Queens Property; that the said Referee shall set the date of sale and give public notice of the time and place of sale in accordance with RPAPL 231 and applicable law, as well as the practice of this Court, in The Queens Courier (publication); and it is further

ORDERED, ADJUDGED AND DECREED that by accepting this appointment, the Referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to §36.2 (c) ("Disqualifications from appointment") and §36.2 (d) ("Limitations on appointments based upon compensation"); and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Appointing Judge; and it is further

ORDERED, ADJUDGED AND DECREED that by accepting this appointment, the Referee certifies that they will comply with this court's rules and procedures ~~regarding remote bidding, including, but not limited to the ability to accept wire transfers~~ as set forth in the Tenth Judicial District for the County of Nassau's policies concerning Public Auctions of foreclosed properties. If the Referee is unwilling or unable to comply with such provisions, the Referee shall notify the court immediately; and it is further

J.S.C.

ORDERED, ADJUDGED AND DECREED that the Referee is prohibited from accepting or retaining any funds for him/herself or paying funds to him/herself without compliance with

100570944

Part 36 of the Rules of the Chief Administrative Judge; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall conduct the foreclosure sale only if Plaintiff, its successors and/or assignees, or its representative is present at the sale or the Referee has received a written bid and Terms of Sale from Plaintiff, its successors and/or assigns, or its representative; and it is further

ORDERED, ADJUDGED AND DECREED that if the Referee does not conduct the sale within 90 days of the date of the judgment, in accordance with CPLR 2004, the time fixed by RPAPL §1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable; and it is further

ORDERED, ADJUDGED AND DECREED that at the time of sale the Referee shall accept a written bid from the Plaintiff or the Plaintiff's attorney, just as though Plaintiff were physically present to submit said bid; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall accept the highest bid offered by a bidder who shall be identified upon the court record, and shall require that the successful bidder immediately execute Terms of Sale for the purchase of the property, and pay to the Referee, in cash or certified or bank check, ten percent (10%) of the sum bid, unless the successful bidder is Plaintiff in which case no deposit against the purchase price shall be required; and it is further

ORDERED, ADJUDGED AND DECREED that, except as set forth herein, in the event the first successful bidder fails to execute the Terms of Sale immediately following the bidding upon the subject property or fails to immediately pay the ten percent (10%) deposit as required, the property shall immediately and on the same day be reoffered at auction; and it is further

100570944

~~ORDERED, ADJUDGED AND DECREED that, if the highest bid offered is from a remote bidder (see Administrative Order ______), the Referee shall defer collection of the deposit so long as the remote bidding provider provides proof of sufficient funds thereof. If the deposit funds are not transferred into the designated trust account within one (1) business day of the conclusion of the auction, the property shall be reoffered at auction; and it is further~~

J.S.C.

ORDERED, ADJUDGED AND DECREED that the Referee shall then deposit the down payment and proceeds of sale, as necessary, in his/her own name as Referee in his/her IOLA account or other separate account maintained for his/her clients at Flushing Bank 260 E RXR Plaza Uniondale, NY 11556 in accordance with CPLR 2609; and it is further

ORDERED, ADJUDGED AND DECREED that after the property is sold, the Referee shall execute a deed to the purchaser, in accordance with RPAPL §1353 and the terms of sale, which shall be deemed a binding contract; and it is further

ORDERED, ADJUDGED AND DECREED that, in the event a party other than the Plaintiff becomes the purchaser at the sale, the closing of title shall be held no later than 30 days after the date of such sale unless otherwise stipulated by all parties to the sale; and it is further

ORDERED, ADJUDGED AND DECREED that, if Plaintiff, to the extent Banking Law § 6-l applies, (or its affiliate, as defined in paragraph (a) of subdivision 1 of section six-l of the Banking Law) is the purchaser, such party shall place the property back on the market for sale or other occupancy: (a) within 180 days of the execution of the deed of sale, or (b) within 90 days of completion of construction, renovation, or rehabilitation of the property, provided that such construction, renovation, or rehabilitation proceeded diligently to completion, whichever comes first, provided however, that a court of competent jurisdiction may grant an extension for good cause; and it is further

100570944

ORDERED, ADJUDGED AND DECREED that the Referee, on receiving the proceeds of such sale, shall forthwith pay therefrom, in accordance with their priority according to law, all taxes, assessments, sewer rents, or water rates, which are, or may become, liens on the property at the time of sale, with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee then deposit the balance of said proceeds of sale in her/his own name as Referee in his/her IOLA account per CPLR 2609 or in Flushing Bank 260 E RXR Plaza Uniondale, NY 11556, and shall thereafter make the following payments in accordance with RPAPL §1354, as follows:

FIRST: The Referee's statutory fees for conducting the sale, in accordance with CPLR 8003(b), not to exceed $750.00 unless the property sells for $50,000.00 or more [-OR- in the event a sale was cancelled or postponed, Plaintiff shall compensate the Referee in the sum of $ 100.00 COURT for each adjournment or cancellation, unless the Referee caused the delay];

SECOND: All taxes, assessments, and water rates that are liens upon the property and monies necessary to redeem the property from any sales for unpaid taxes, assessments, or water rates that have not become absolute, and any other amounts due in accordance with RPAPL §1354(2). Purchaser shall be responsible for interest and penalties due on any real property taxes accruing after the sale. The Referee shall not be responsible for the payment of penalties or fees pursuant to this appointment. The Purchaser shall hold the Referee harmless from any such penalties or fees assessed;

THIRD: The expenses of the sale and the advertising expenses as shown on the bills presented and certified by said Referee to be correct, duplicate copies of which shall be annexed to the report of sale;

FOURTH: The Referee shall then pay to the Plaintiff or its attorney the following:

100570944

Amount Due per Referee's Report: $2,578,897.79 with interest at the note default rate from September 20, 2024 until May 7, 2025, together with any advances as provided for in the note and mortgage which Plaintiff has made for taxes, insurance, principal, and interest, and any other charges due to prior mortgages or to maintain the property pending consummation of this foreclosure sale, not previously included in the computation, upon presentation of receipts for said expenditures to the Referee, all together with interest thereon pursuant to the note and mortgage, and then with interest from the date of entry of this judgment at the statutory rate until the date the deed is transferred]

Costs and Disbursements: $3,795.00 adjudged to the Plaintiff for costs and disbursements in this action, with interest at the statutory judgment rate from the date of entry of this judgment;

Additional Allowance: $ 300.00 (COURT) is hereby awarded to Plaintiff in addition to costs, with interest at the statutory judgment rate from the date of entry of this judgment, pursuant to CPLR Article 83;

Attorney Fees: 500.00 (COURT) is hereby awarded to Plaintiff as reasonable legal fees herein, with interest at the statutory rate from the date of entry of this judgment;

FIFTH: Surplus monies arising from the sale shall be deposited with the Nassau County Treasurer by the Referee conducting the sale within five days after receipt in accordance with RPAPL §1354(4) and in accordance with local County rules regarding Surplus Monies; and it is further

ORDERED, ADJUDGED AND DECREED that if the Plaintiff is the purchaser of the Nassau Property or the Queens Property, or in the event that the rights of the purchasers at such sale and the terms of sale under this judgment shall be assigned to and be acquired by the Plaintiff, and a valid assignment thereof is filed with said Referee, said Referee shall not require Plaintiff to

100570944

pay in cash the entire amount bid at said sale, but shall execute and deliver to the Plaintiff or its assignee, a deed or deeds of the property sold upon the payment to said Referee of the amounts specified in items marked "First", "Second", and "Third" above; that the Referee shall allow the Plaintiff to pay the amounts specified in "Second" and "Third" above when it is recording the deed; that the balance of the bid, after deducting the amounts paid by the Plaintiff, shall be applied to the amount due Plaintiff as specified in paragraph "Fourth" above; that Plaintiff shall pay any surplus after applying the balance of the bid to the Referee, who shall deposit it in accordance with paragraph "Fifth" above; and it is further

ORDERED, ADJUDGED AND DECREED that all expenses of recording the Referee's deed, including real property transfer tax, which is not a lien upon the property at the time of sale, shall be paid by the purchaser, not by the Referee from sale proceeds, and that any transfer tax shall be paid in accordance with Tax Law §1404; and it is further

ORDERED, ADJUDGED AND DECREED that if the sale proceeds distributed in accordance with paragraphs "First," "Second, "Third", and "Fourth" above are insufficient to pay Plaintiff the Amount Due per the Referee's Report as set forth in paragraph "Fourth" above, Plaintiff may seek to recover a deficiency judgment against 63 Mill River Road, LLC a/k/a 63 Mill River Road LLC 131-04 220th Street Corp., William Jean Gibbs, and Steven Gibbs in accordance with RPAPL §1371 if permitted by law; and it is further

ORDERED, ADJUDGED AND DECREED that the mortgaged property is to be sold in two parcels in "as is" physical order and condition, subject to any condition that an inspection of the property would disclose; any facts that an accurate survey of the property would show; any covenants, restrictions, declarations, reservations, easements, right of way, and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which

100570944

the mortgaged property is located and possible violations of same; any rights of tenants or persons in possession of the subject property; prior liens of record, if any, except those liens addressed in RPAPL §1354; any equity of redemption of the United States of America to redeem the property within 120 days from the date of sale; and any rights pursuant to CPLR §§ 317, 2003, and 5015, or any appeal of the underlying action or additional litigation brought by any defendant or its successor or assignee contesting the validity of this foreclosure; and it is further

ORDERED, ADJUDGED AND DECREED that the purchaser be let into possession of the Nassau Property or the Queens Property upon production in hand of the Referee's Deed or upon personal service of the Referee's deed in accordance with CPLR 308; and it is further

ORDERED, ADJUDGED AND DECREED that the Defendants in this action and all persons claiming through them and any person obtaining an interest in the Nassau Property or the Queens Property after the filing of the Notice of Pendency are barred and foreclosed of all right, claim, lien, title, and interest in the Nassau Property or the Queens Property after the sale of the mortgaged property; and it is further

ORDERED, ADJUDGED AND DECREED that within 30 days after completing the sale and executing the proper conveyance to the purchaser, unless the time is extended by the court, the Referee making the sale shall file with the Nassau County Clerk's Office a report under oath of the disposition of the proceeds of the sale in accordance with RPAPL §1355(1) and follow all local County rules regarding handling of Surplus Monies; and it is further

ORDERED, ADJUDGED AND DECREED that if the purchaser or purchasers at said sale default(s) upon the bid and/or the terms of sale the Referee may place the property for resale without prior application to the Court unless Plaintiff's attorneys shall elect to make such application; and it is further

ORDERED, ADJUDGED AND DECREED that Plaintiff shall serve a copy of this Judgment with Notice of Entry upon the owner of the equity of redemption, any tenants named in this action, and any other parties or persons entitled to service, including the Referee appointed herein; and it is further

ORDERED, ADJUDGED AND DECREED that nothing herein shall be deemed to relieve Plaintiff of any obligation imposed by RPAPL §1307 and RPAPL §1308 to secure and maintain the property until such time as ownership of the property has been transferred and the deed duly recorded; and it is further

ORDERED, ADJUDGED AND DECREED that, when the Referee files a report of sale, he/she shall concurrently file a Foreclosure Actions Surplus Monies Form; and it is further

ORDERED, ADJUDGED AND DECREED that to ensure compliance herewith, Plaintiff shall file a written report with the court within six months from the date of entry of this judgment stating whether the sale has occurred and the outcome thereof; and it is further

ORDERED, ADJUDGED AND DECREED that all foreclosure auctions shall be held on the North Side steps of the Nassau County Supreme Court "Rain or Shine." This information shall be stated in the Notice of Sale; and it is further

ORDERED, ADJUDGED AND DECREED that the Court Appointed Referee shall submit the Notice of Sale through the NYSCEF System at least 10 days prior to the date of the Foreclosure Auction; and it is further

ORDERED, ADJUDGED AND DECREED that at the conclusion of the Foreclosure Auction and sale of the subject property, the Court Appointed Referee, bank representative, and successful third-party bidder shall memorialize the sale by completing, executing, and filing a Memorandum of Sale with the Court. The Memorandum of Sale shall include the following

information: Index number; name and address of the purchaser; address of the subject property; names of the Parties and Court Appointed Referee; the upset price; the final bid and final sales price; the amount of down payment; and an indication of whether any surplus money may be realized; and it is further

ORDERED, ADJUDGED AND DECREED that the Court Appointed Referee shall promptly submit to the Court, on the day of the Foreclosure Auction, the Fiduciary Form and the Memorandum of Sale at the Clerk's office, which is located on the first floor of the courthouse in Room 186; and it is further

ORDERED, ADJUDGED AND DECREED that within 30 days of the closing of the subject property the Court Appointed Referee shall complete and submit, through the NYSCEF System, a Nassau County Surplus Monies Form after which time the Court Appointed Referee will receive his/her compensation for conducting the foreclosure sale.

The Nassau Property is commonly known as 63 Mill River Road, Upper Brookville, NY

The Queens Property is commonly known as 131-04 220th Street, Laurelton, NY

A description of the Nassau Property is annexed hereto as **Schedule A**, and made a part hereof. A description of the Queens Property is annexed hereto as **Schedule B**, and made a part hereof.

Dated:

May 29th, 2025

ENTER:

J.S.C.
HON. Erica L. Prager

ENTERED
JUN 16 2025
NASSAU COUNTY
COUNTY CLERK'S OFFICE

100570944

## SCHEDULE A

## PROPERTY DESCRIPTION

ALL that certain plot piece or parcel of land, situate, lying and being in the Incorporated Village of Upper Brookville, County of Nassau and State of New York, bounded and described as follows:

BEGINNING at a point on the Southeasterly side of Mill River Hollow Road, distant 2711.05 feet Northeasterly from the corner formed by the intersection of the Southeasterly side of Mill River Hollow Road with the Northeasterly side of Lawn Lane;

RUNNING THENCE along said Southeasterly side of Mill River Hollow Road, North 39 degrees 44 minutes 00 seconds East, a distance of 305.35 feet;

THENCE South 30 degrees 14 minutes 00 seconds East, a distance of 104.88 feet;

THENCE South 17 degrees 46 minutes 00 seconds East, a distance of 119.15 feet;

THENCE South 16 degrees 04 minutes 00 seconds East, a distance of 170.78 feet;

THENCE South 22 degrees 08 minutes 00 seconds East, a distance of 127.40 feet;

THENCE South 82 degrees 35 minutes 30 seconds West, a distance of 177.48 feet;

THENCE South 61 degrees 22 minutes 20 seconds West, a distance of 46.59 feet;

THENCE North 28 degrees 45 minutes 20 seconds West, a distance of 338.74 feet to the Southeasterly side of Mill River Hollow Road, the point or place of BEGINNING.

Tax ID: Section 24 Block B Lot 893

Being and intended to be the same premises as conveyed to the party of the first part by deed dated 12/10/1986 and recorded 3/10/1987 in the Office Clerk of the County of Nassau in Liber 9795 Page 845

FOR INFORMATION ONLY:

Premises: 63 Mill River Road, Upper Brookville, NY,

100570944

## SCHEDULE B

## PROPERTY DESCRIPTION

ALL that certain plot piece or parcel of land, situate, lying and being in the Borough of Queens, City and State of New York, known and designated upon a certain map entitled, "Map of Springfield Hillcrest, Property of The Wood-Horn Realty Corporation, 4th Ward, Borough of Queens, City of New York", surveyed June 1922 by William L. Savacool, C.E. & C.S., and filed in the Office of the Clerk (now Register) of the County of Queens on 8/12/1922 as Map No. 4151, as and by the Lots No. 427 and 428 in Block "N" and which lots when taken together as one parcel are bounded and described as follows:

BEGINNING at the corner formed by the intersection of the southerly side of 131st Road with the westerly side of 220th Street;

RUNNING THENCE Southerly along the westerly side of 220th Street, 40 feet;

THENCE Westerly parallel with the southerly side of 131st Road, 100 feet;

THENCE Northerly and parallel with the westerly side of 220th Street, 40 feet to the southerly side of 131st Road;

THENCE Easterly along the southerly side of 131st Road, 100 feet to the corner aforesaid, at the point or place of BEGINNING.

Tax ID: Block 12926 Lot 228

FOR INFORMATION ONLY:

Premises: 131-04 220th Street, Laurelton, NY 11413,

100570944

NYSCEF DOC. NO. 67 INDEX NO. 621084/2023
RECEIVED NYSCEF: 12/30/2024

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

STORMFIELD CAPITAL FUNDING I, LLC,

Plaintiff,

-against-

63 MILL RIVER ROAD, LLC a/k/a 63 MILL RIVER ROAD LLC; 131-04 220th STREET CORP; WILLIAM JEAN GIBBS; STEVEN GIBBS; SHOPPERS WORLD CONSTRUCTION CORP.; NASSAU COUNTY TREASURER; NEW YORK CITY DEPARTMENT OF FINANCE; TOWN OF OYSTER BAY; VILLAGE OF UPPER BROOKVILLE; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; QUEENS COUNTY CLERK; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY TRANSIT ADJUDICATION BUREAU,

Defendants.

Index No. 621084/2023

**ATTORNEY'S STATEMENT AND BILL OF COSTS**

Hon. Erica L. Prager

ADJUSTED AT $ 3,795.00
THIS 16th DAY OF June 2025
Maureen O'Connell
Clerk, Nassau Co.

AARON P. DAVIS, ESQ., pursuant to CPLR § 2106 and under penalties of perjury affirms as follows:

1. I am an attorney admitted to practice before this Court and am an attorney with the firm of Polsinelli PC, the attorneys of record for Stormfield Capital Funding I, LLC ("**Plaintiff**"), in this commercial mortgage foreclosure action. I am fully familiar with the facts and proceedings of this case.

2. The following costs and disbursements have been or will be necessarily made or incurred in this action and are reasonable in amount:

**COSTS for:**

| | |
|---|---|
| Proceedings before Note of Issue is filed ($200) - CPLR § 8201(1) .......... | $200.00 |
| Proceedings after Note of Issue is filed and before trial ($200) - CPLR § 8201(2) .......... | $N/A |
| Trial ($300) - CPLR § 8201(3) .......... | $N/A |

100571034.1

NYSCEF DOC. NO. 67 RECEIVED NYSCEF: 12/30/2024

| | |
|---|---|
| Inquest ($300) - CPLR § 8201(3) | $N/A |
| Assessment of damages ($300) - CPLR § 8201(3) | $N/A |
| Additional allowances in real property actions - CPLR § 8302(a), (b), (d) | $200.00 |
| Motion (fixed by court, not exceeding $100) - CPLR § 8202 see disbursements | ~~$46.35~~ |
| Appeal to Appellate Division ($250 unless court awards lesser amount) - CPLR § 8203 | $N/A |
| Appeal from County Court to Appellate term - CPLR § 8203(a) | $N/A |
| Appeal to Court of Appeals ($500 unless court awards lesser amount) - CPLR § 8204 | $N/A |
| Frivolous claims and counterclaims in actions for recover damages for personal injury, injury to property or wrongful death (awarded by court) - CPLR § 8303-a | $N/A |
| COSTS SUBTOTAL | ~~$446.35~~ 400.00 |

**DISBURSEMENTS for:**

| | |
|---|---|
| Affidavits, oaths, acknowledgments, certification and exemplification - CPLR § 8009 | $N/A |
| Index number of county clerks - CPLR § 8018 | ~~$411.96~~ 400.00 |
| Filing note of issue/placing case on calendar - CPLR § 8020(a) | $N/A |
| Filing demand for jury trial - CPLR § 8020(c) | $N/A |
| Clerk's fee, filing Notice of Pend. § 8021(a)(10) | ~~$390.32~~[1] 345.00 |
| Stenographers - CPLR §§ 8301 and 8002 | $N/A |
| Witnesses - CPLR §§ 8301(a)(1) and 8001 | $N/A |
| Referees - CPLR § § 8301(a)(1) and 8003 | $1,250.00[2] |
| Officers - CPLR § 8301(a)(1) | $N/A |
| Commissioners taking depositions (reasonable compensation) - CPLR § 8301(a)(2) | $N/A |
| Publication directed pursuant to law - CPLR §§ 8301(a)(3) and 8007 | $N/A |
| Certified copy of a paper necessarily obtained for use on trial - CPLR § 8301(a)(4) | $N/A |
| Securing copies of opinions and charges of judges - CPLR § 8301(a)(5) | $N/A |
| Printing papers for a hearing (reasonable expenses) - CPLR § 8301(a)(6). | $N/A |

[1] Filing fees for Notices of Pendency filed in both Nassau and Queens Counties.
[2] $500.00 for Referee's Report of Amount Due and $750.00 for sale.

100571034.1

NYSCEF DOC. NO. 67 INDEX NO. 621084/2023
RECEIVED NYSCEF: 12/30/2024

| | |
|---|---|
| Entering and docketing the judgment (prospective charges) - CPLR §§ 8301(a)(7) and 8016(a)(2) ) | $55.00 |
| Sheriff s fees for receiving and returning order of attachment - CPLR § § 801 1(a) and 8012 | $N/A |
| Sheriff s fees for receiving and returning one execution - CPLR §§ 8301(a)(8), and 8011 (b), (c) and (d), and 8012 | $N/A |
| Taking and making two transcripts of testimony on an Examination Before Trial (not exceeding $250 in any one action) - CPLR § 8301(a)(9) | $N/A |
| Searches made by title insurance companies - CPLR § 8301(a)(10) | $~~1,442.60~~[3] 500.00 |
| Searches made by abstract companies - CPLR § 8301(a)(10) | $N/A |
| Searches made by searching companies - CPLR § 8301(a)(10) | $N/A |
| Searches made by a public officer authorized to made official searches and certify to the same – CPLR § 8301(a)(10) | $N/A |
| Searches made by attorney for party to whom costs are awarded (not exceeding cost of similar official searches) - CPLR § 8301(a)(10) | $N/A |
| Securing an undertaking to stay enforcement of a judgment subsequently reversed (reasonable expenses actually incurred) - CPLR § 8301(a)(11) | $N/A |
| Other (reasonable and necessary expenses according to course and practice of court, by express provision of law or by court order) - CPLR § 8301(a)(12) | $N/A |
| Postage - CPLR § 8301(a)(12) | $~~130.49~~[4] 25.00 |
| Appeal to Court of Appeals (clerk's fees) - CPLR § 8301(a)(12) | $N/A |
| Motion (reasonable and necessary expenses awarded upon motion of party or upon court's own initiative) - CPLR § 8301 (b) | $~~46.35~~ 90.00 |
| Party not awarded costs in an action or on appeal or in an action for a sum of money where party recovers at least $50 - CPLR § 8301(c) | $N/A |
| Service performed, other than a search (reasonable sum actually and necessarily expended if it is usual charge made by private persons) - CPLR § 8301(d) | $~~120.00~~[5] |
| Serving summons and complaint or summons with notice - CPLR §§ 8301(d) and 8011(h) | $~~1,980.00~~[6] 635.00 |
| Serving subpoena - CPLR §§ 8301(d) and 8011(h) | $N/A |

[3] Foreclosure searches. [Copies of the invoices from Home Abstract are attached hereto as **Exhibit 1**.]
[4] U.S. Mail and Federal Express delivery charges
[5] Service fee for posting notice at the mortgaged premises and court messenger service.
[6] Service of process of Summons and Complaint on defendants. [A copy of the invoice totaling $1,980.00 for service and posting is attached hereto as **Exhibit 2**.]

100571034.1

| | |
|---|---|
| Request for Judicial Intervention ................................................................ | ~~$97.84~~ 95.00 |
| DISBURSEMENTS SUBTOTAL | ~~$5,924.56~~ 3,395.00 |
| TOTAL | $ 3,795.00 |

Dated: New York, New York
December 30 2024

POLSINELLI PC

By: */s/ Aaron P. Davis*
AARON P. DAVIS
600 Third Avenue, 42nd Floor
New York, New York 10016
(212) 803-9918
adavis@polsinelli.com

ATTORNEYS FOR PLAINTIFF

100571034.1