UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
In re:
63 MILL RIVER ROAD LLC, Chapter 11
Debtor. Case No. 8-26-71066-spg
--------------------------------------------------X

**DECLARATION OF DR. WILLIAM J. GIBBS, JR. UNDER 28 U.S.C. § 1746 PURSUANT TO PARAGRAPH 6 OF THE ORDER ENTERED SEPTEMBER 11, 2026, CONFIRMING THAT HIS POST-PETITION CONTRIBUTIONS ARE NOT LOANS TO THE DEBTOR**

WILLIAM J. GIBBS, JR. declares under penalty of perjury pursuant to 28 U.S.C. § 1746, which gives this declaration the same force and effect as a sworn affidavit, that the following is true and correct:

**I. Who I Am and Why I Submit This Declaration**

1. I am Dr. William J. Gibbs, Jr., a physician licensed to practice medicine in the State of New York. I am the son of William Jean Gibbs, Sr., the sole member and manager of the debtor, 63 Mill River Road LLC (the "Debtor"). I reside at 63 Mill River Road, Upper Brookville, New York (the "Property"), which is the Debtor's only asset and is my home.

2. I submit this declaration pursuant to Paragraph 6 of the Court's Order entered September 11, 2026 (the "Order"), which directs that I file an affidavit, or the Debtor's counsel file a declaration, confirming that all contributions and payments I have made — directly or indirectly through an entity wholly or substantially owned by me — on behalf of or to the Debtor in connection with this Chapter 11 case since the Petition Date have not been impermissible post-petition loans to the Debtor. I make this declaration myself, on personal knowledge, because the facts are mine and no one else can state them from knowledge.

3. I am not represented by Dahiya Law Offices LLC in my individual capacity. That firm represents the Debtor. I am a plaintiff in the related adversary proceeding, Adv. Pro. No. 8-26-08103-spg. I understand that I am free to consult counsel of my own choosing about this declaration, including the waiver in Part VI, and I sign it voluntarily. I confine this declaration to facts within my own knowledge.

## II. The Debtor Was Formed at the Lender's Insistence and Has Never Been a Business

4. My family agreed to buy the Property in November 2021 as a home. The contract of sale named me personally — "William Gibbs, M.D." — as the purchaser, with the words "or entity to be formed" added by hand. My family contributed $200,000.00 of its savings toward the purchase.

5. The Debtor did not exist when we agreed to buy the house. We did not want an entity and had no use for one. The Debtor was formed only because the lender required it. The lender's own financing letter of intent states the requirement in its own words: "Borrowing Entity: A single-purpose real estate entity acceptable to the lender." Title was placed in the Debtor to satisfy that condition and for no other reason.

6. The Debtor is a single-purpose entity in the most literal sense. To my knowledge, and of my own observation as the person who lives in the house and pays its bills:

— It has never had any employees.

— It has never carried on any trade or business.

— It has never sold anything, provided any service, or earned any revenue.

— It has never rented the Property to anyone or received any rental income from it. The only third-party occupancy since the closing was a temporary, rent-free license

under which the sellers remained in the pool house for up to three months after the March 11, 2022 closing.

— It owns one asset, the Property, and that Property is my family's home, where I live.

— It has never had an operating account from which the obligations at issue here were paid.

7. I say this not to diminish the Debtor but because it explains everything that follows. The Debtor has no income of its own because it was never meant to have any. It was a title-holding vehicle the lender required. When money is needed to preserve the Property, the money must come from a person, and the person has been me.

## III. Why I Make the Payments

8. I make these payments to save my family's home. I live in the Property. My parents put their savings into it. I have no other reason, and I have never had any other reason.

9. I am a physician. I am not a lender. I am not in the business of lending money, I have never made a loan to the Debtor or to anyone else in connection with this Property, and I did not make any of the payments described below in order to acquire a claim against the Debtor or its estate. I did not extend credit to the Debtor, and I did not intend to.

10. I hold no membership or other equity interest in the Debtor. My father, William Jean Gibbs, Sr., is its sole member, and he signed the Debtor's petition, schedules and statement of financial affairs in that capacity. I therefore receive nothing in exchange for these payments — no note, no interest, no security, no membership interest, and no claim. What I receive is that my family keeps its home.

## IV. The Payments I Have Made Since the Petition Date

11. The Debtor filed its petition on March 18, 2026 (the "Petition Date"). Since that date I have made the following payments to or on behalf of the Debtor in connection with this Chapter 11 case, from my own funds and from the funds of Jamaica Healthy Medical PC, my professional corporation, which I own:

| Date | Amount | Source | Paid to / for |
|---|---|---|---|
| March 29, 2026 | $10,000.00 | My own funds<br>(see Statement of Financial Affairs, Part 6) | Dahiya Law Offices LLC<br>(balance of Debtor's counsel's retainer) |
| May 2026<br>(received May 11, 2026) | $12,500.00 | TD Bank account of<br>Jamaica Healthy Medical PC<br>(two wires: $9,000.00 and $3,500.00) | Stormfield Capital Funding I, LLC<br>(adequate protection) |
| June 2026<br>(received June 11, 2026) | $12,500.00 | JPMorgan Chase reference<br>003675, 260611B01N61 | Stormfield Capital Funding I, LLC<br>(adequate protection) |
| July 8, 2026<br>(initiated July 7, 2026) | $12,500.00 | U.S. Bank account ending 8441<br>Transaction No. S070726164510731 | Stormfield Capital Funding I, LLC<br>(adequate protection) |
| August 2026 | $12,500.00 | My own funds. | Stormfield Capital Funding I, LLC<br>(adequate protection) |
| September 1, 2026 | $12,500.00 | TD Bank (Jamaica Healthy Medical PC)<br>$2,500.00, wire ID 2653457; and<br>U.S. Bank ending 8441 $10,000.00,<br>Transaction No. 0109261347036132 | Stormfield Capital Funding I, LLC<br>(adequate protection) |

12. Every one of those payments came from my own funds or from the funds of my professional corporation. Not one came from any account of the Debtor. The Debtor has not repaid me for any of them, in whole or in part, and I have not asked it to. As the person who lives in the Property, I have also paid the ordinary costs of insuring, maintaining and running it — insurance premiums, utilities, repairs and upkeep — directly to the insurers, utilities and tradespeople concerned, from my own funds. Those payments went to third parties and not to the Debtor. I have not totaled them and do not state an amount here, but everything I say in this declaration about the payments in the schedule is equally true of them. To the best of my knowledge the schedule above is otherwise complete; if I identify any other payment I made for the Debtor since the Petition Date, the same is true of it.

13. I also understand that Paragraph 2 of the Order directs an additional adequate protection payment of $24,500.00 by October 1, 2026, and that Paragraph 4 directs payment of the post-petition real estate taxes by the same date. I intend to fund both payments from the same sources. When I make them, they will be contributions and not loans, on the same terms stated in this declaration for the payments I have already made.

**V. These Payments Are Contributions, Not Loans**

14. I confirm, of my own knowledge, each of the following as to every payment and contribution described above, and as to the two payments described in Paragraph 13 when I make them:

— There is no promissory note, loan agreement, or any other writing under which the Debtor owes me anything on account of these payments. None was ever made.

— No interest was charged, agreed, accrued or demanded.

— No security, lien, mortgage, pledge or guarantee was given to me or taken by me.

— There is no repayment schedule, no maturity date and no demand for repayment, because there is nothing to repay.

— I have no right to repayment and I do not expect to be repaid. I did not make these payments on the understanding that the Debtor would return the money to me.

— To my knowledge these payments are not recorded as a liability, loan or payable of the Debtor on its books, and I have asked that the Debtor's monthly operating reports reflect them as contributions rather than as debt.

— I have not filed a proof of claim on account of these payments and I will not file one.

15. I therefore state plainly, in the words Paragraph 6 of the Order uses: the contributions and payments I have made since the Petition Date, directly and indirectly through Jamaica Healthy Medical PC, on behalf of or to the Debtor in connection with this Chapter 11 case, are not loans to the Debtor and are not impermissible post-petition loans. They are voluntary contributions. I did not extend credit to the Debtor, and no court authorization was required for me to pay my family's obligations out of my own earnings in order to keep my home.

**VI. Waiver of Claims for These Payments**

16. To remove any doubt, and intending that the Court, the United States Trustee and every creditor may rely on this, I irrevocably waive and release any claim of any kind against the Debtor and its estate arising out of or relating to (a) the payments and contributions described in Paragraphs 11 and 12 above, and (b) the adequate protection payment and the payment of post-petition real estate taxes described in Paragraph 13, once I have made them. The claims I waive include any claim under 11 U.S.C. § 101(5), any administrative expense claim under 11 U.S.C. § 503(b), any right of reimbursement, contribution, subrogation or indemnity, and any right to repayment under the Debtor's Plan or otherwise. This waiver is limited to those payments.

17. I do not by this declaration waive any right as to a payment I have not yet made, other than the two described in Paragraph 13. I understand, however, that the Debtor may not borrow money in this case without the Court's authorization under 11 U.S.C. § 364. I therefore will not treat any future payment I make for the Debtor as a loan, and will not assert any claim against the Debtor or its estate on account of it, unless the Debtor has first sought and obtained an order of this Court authorizing it.

18. I make this declaration so that the Court may be satisfied that nothing I have done has burdened this estate with debt. Every dollar I have put in has stayed in. I have asked no creditor to accept less and I have asked this estate for nothing back.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 18, 2026

/s/williamjgibbs

DR. WILLIAM J. GIBBS, JR.